Peck, J.
The principal question raised in the record is upon the charge of the court. It was the obvious design of the legislature to give, in our acts of assembly, all the rules governing forcible entries and detainers, or forcible detainers. We are not therefore to expect much aid from the adjudications of other countries.
The case before us is governed by the 5th section of the act of 1821, ch. 14, which provides, “that if any tenant for life, year or years, or other person who shall be in possession of any lands, tenements or hereditaments, by, from or under, or by collusion with such tenant, shall wilfully and without force hold over any lands, tenements or hereditaments after demand and notice in writing given for the delivery of possession thereof by the landlord, &c. then such person so holding over, shall be guilty of an unlawful detainer.”
It is obvious that the force contemplated by the 2d and 3d sections of the act are not intended to be made to apply to the case contemplated in the 5th section. If the facts of this case do not bring it within the provisions of the third section, it certainly is brought within the 5th section. Darnell held under a tenant, and held out, wilfully a.id with force, the landlord from his lawful right to possession. The use of arms, of terrifying words, force and strong hand, contemplated by the 2d and 3d sections to make a forcible entry unlawful, are to be taken separate from the forcible holding over under the 5th section. Darnell entered by courtesy and favor, agreeing that when the landlord wanted the premises he would surrender them. The breach of faith in not surrendering when requested to do so, though of itself not sufficient to constitute force under the 2d and 3d sections, nevertheless, is wilful and without force under the 5th section^ and makes the party so holding guilty of a forcible and un *435 lawful detainer. Darnell’s cannot be construed such a tenancy as entitled him to six months notice to quit'. That applies, when one is in by such agreement, as that by a sudden end being put to the term, the tenant would be deprived of the fruits of his labor. To have the benefit of a six months notice to quit, the tenant should at least show some agreement to protect himself, either express or implied. The very opposite is the case before us. Darnell’s holding out Trousdale, works to him as great injury as landlord, if he cannot in this case be restored, as would be sustained, in a case where a tenant from year to year was suddenly turned out. It is certainly as reasonable that Darnell should be held to his express agreemenfto surrender the possession on demand made, as that by a rule of the courts made in favor of tenants, they should hold until indemnified for the labor bestowed on the premises, the time being uncertain. In this view a fair presumption arises that in such a case the necessity of six months notice to quit is taken away by the new rules introduced in the act, inconsistent with the existence of the rule allowing six months notice.
Butin any aspect of this case we think the charge of the court erroneous. The force need not be such to entitle the landlord to his remedy under the third section of the act of assembly, as that he must either himself commit a breach of the peace to get possession, or compel the tenant to commit it, in holding him out. When the landlord by his proof entitles himself to possession, the question for the jury is force or no force. When it is the right of the demandant to receive possession, the duty of the tenant to deliver it, and notice has been given without effect, the law implies the force, for it is a wilful, and in fact, forcible holding out him having the right of possession. Actual violence need not be proved to give effect to the third section of the statute. The judgment must be reversed, and the cause remanded to be tried conformably to the law laid down in this opinion.
*436 Catron, Ch. J.
Green and Whyte, Judges, concurred with Peck, J. on the last point made by him in the above opinion, as the true construction of the 3d section of the act of 1821, ch. 14, and gave no opinion on the other points.
Judgment reversed.